**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. _____**

| | |
|---|---|
| AIMETIS CORP. | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| HAWK TECHNOLOGY SYSTEMS, LLC | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Aimetis Corp. ("Aimetis") brings this action for declaratory judgment against Hawk Technology Systems, LLC ("Hawk").  Aimetis seeks, among other things, declaratory judgment of non-infringement of U.S. Patent No. RE43,462 (the "'462 patent"), that certain claims of the '462 patent are invalid, and that Aimetis has intervening rights with respect to the '462 patent.  Aimetis alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action for declaratory judgment of non-infringement and invalidity of and intervening rights with respect to the '462 patent.

**THE PARTIES**

2.      Plaintiff Aimetis is a Canadian corporation having a principal place of business at 500 Weber Street North, Waterloo, Ontario, Canada N2L 4E9.  Aimetis offers integrated intelligent video management solutions for security surveillance and business intelligence applications to a wide variety of industries, including retail, transportation, governmental, and educational customers, worldwide.

3.      Aimetis was launched in 2003 and has focused exclusively on video surveillance software since its inception.  Its enterprise video management system, marketed as Aimetis Symphony™, provides flexibility for organizations of all sizes to deploy video surveillance systems at their places of business.  Aimetis has been making, using, selling, and marketing Aimetis Symphony™ and its predecessor video management system since 2004.

4.      Upon information and belief, Defendant Hawk is a Florida limited liability company with a principal place of business at 2 South Biscayne Blvd., Suite 3800, Miami, Florida 33131.

5.      Upon information and belief, Hawk was formed in 2012 and its business is directed to owning and enforcing the '462 patent in litigation.

## JURISDICTION AND VENUE

6.      This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and under the Patent Laws of the United States, as enacted under Title 35 of the United States Code.  This Court has jurisdiction over this action pursuant to 35 U.S.C. §§ 271 *et seq.* and 28 U.S.C. §§ 1331, 1338, and 2201-2202.

7.      Hawk is subject to personal jurisdiction in this judicial district because Hawk resides in this district, has purposefully availed itself of the privilege of doing business in this judicial district, transacts business in this district, and has sufficient minimum contacts with Florida to render the exercise of jurisdiction over Hawk compatible with due process.

8.      Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), and 1391(c), as well as 28 U.S.C. § 1400(b), as Hawk resides in this district and/or wrongful acts as alleged herein have occurred in this district.

## THE PATENT AT ISSUE

9.      U.S. Patent No. 5,625,410 issued on April 29, 1997.  On April 28, 1999, a reissue application of U.S. Patent No. 5,625,410 was filed.

10.     As part of the reissue application, the patentees declared that "our issued patent is at least partially inoperative or invalid in that we claim less than we had the right to claim."

11.     During the prosecution of the reissue, the patent applicants amended the language and scope of the original claims of U.S. Patent No. 5,625,410 and also added new claims.

12.     On June 12, 2012, U.S. Patent No. 5,625,410 was reissued as the '462 patent. (*See* Exhibit 1, attached hereto.)   The '462 patent is entitled "Video Monitoring and Conferencing System."  The '462 patent identifies the alleged inventors as Kinya Washino and Barry H. Schwab.

13.     Hawk does not mark any products with the patent number of the '462 patent.

14.     Hawk has not in any license, settlement, or other agreement required any licensee or other third party to mark products with the patent number of the '462 patent.

## HAWK'S ACTIVITIES

15.     Hawk claims to be the owner by assignment of the '462 patent.

16.     Upon information and belief, Hawk does not receive any profit from its alleged ownership of the '462 patent without obtaining licensing fees from other entities.

17.     Since February 2013, Hawk has filed approximately seventy (70) lawsuits for infringement of the '462 patent in federal courts throughout the United States.  Approximately fourteen (14) of Hawk's patent infringement suits have been filed within the last two months.

18.     Hawk has filed at least one infringement suit against a party that uses or has used Aimetis' video surveillance products – De La Salle Institute ("De La Salle").

19.     Hawk sued De La Salle on or about November 10, 2014 (Case No. 1:14-cv-09018 (N.D. Illinois)).  A true and accurate copy of the complaint against De La Salle is attached hereto as Exhibit 2.

20.     On January 8, 2015, Hawk provided De La Salle with a claim chart that described the accused products in the litigation to "consist of hardware and software manufactured by Aimetis Corporation."  (*See* Exhibit 3, "Defendant De La Salle Institute's Agreed Motion To Adjourn the Initial Status Hearing" at ¶ 4.)

21.     Hawk's identification of Aimetis' video surveillance products in the claim chart to De La Salle indicates that Hawk considers Aimetis' products to be material components of the alleged infringement of the '462 patent by De La Salle, and that Aimetis is at a minimum inducing and/or contributing to infringement of the '462 patent through the sale of its video surveillance products.

22.     Since shortly after claiming ownership rights, Hawk has employed an aggressive litigation strategy with respect to the enforcement of the '462 patent against perceived infringers.

23.     Upon information and belief, Hawk will initiate suit against Aimetis for patent infringement.  Upon information and belief, Hawk will continue to initiate suits against users of Aimetis' software for patent infringement.

24.     Unless enjoined, Hawk's actions against Aimetis and its customers threaten irreparable harm for which there is no adequate remedy of law.

25.     Based on the foregoing, there is a substantial and justiciable controversy between Aimetis and Hawk that warrants declaratory judgment.

### <u>COUNT ONE – DECLARATORY JUDGMENT OF<br>NON-INFRINGEMENT OF THE '462 PATENT</u>

26.     Aimetis repeats and realleges paragraphs 1-25 as if fully set forth herein.

27.     Hawk claims to be the owner of all legal rights, title, and interest in the '462 patent, including the right to enforce the '462 patent.

28.     Hawk provided an infringement claim chart to a user of Aimetis software it has sued for patent infringement that identified "hardware and software manufactured by Aimetis Corporation." (*See* Exhibit 3, ¶ 4.)

29.     Hawk's assertions in its claim chart to De La Salle indicate Hawk believes Aimetis is liable for, at a minimum, inducing and/or contributory infringement of the '462 patent.

30.     The products provided by Aimetis to its customers and utilized by its customers do not infringe, either directly, indirectly, or contributorily, any valid claim of the '462 patent.

31.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

32.     An actual and justiciable controversy exists between Aimetis and Hawk as to whether the '462 patent is infringed by Aimetis.  A judicial declaration is necessary and appropriate so that Aimetis may ascertain its rights regarding the '462 patent.

33.     Aimetis is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT TWO – DECLARATORY JUDGMENT OF INVALIDITY OF THE '462 PATENT

34.     Aimetis repeats and realleges paragraphs 1-33 as if fully set forth herein.

35.     Aimetis contends that one or more claims of the '462 patent are invalid and/or unenforceable for failure to meet the conditions of patentability and/or otherwise comply with

the requirements of 35 U.S.C. § 1, *et seq.*, including but not limited to §§ 101, 102, 103, and/or 112.

36.     As one example, at least claims 1, 12, and 15 of the '462 patent are invalid under 35 U.S.C. § 102 as anticipated by at least U.S. Patent No. 5,237,408 to Blum *et al.*, filed August 2, 1991, and/or U.S. Patent No. 5,375,068 to Palmer *et al*., filed June 3, 1992.

37.     Further, claims 1, 12, and 15 are invalid under 35 U.S.C. § 103 as obvious over the above-mentioned patents in combination with each other, or in combination with at least U.S. Patent No. 6,335,722 to Tani *et al.*, filed October 24, 1994.

38.     As another example, at least claims 1 and 15 of the '462 patent are invalid under 35 U.S.C. § 112(b) for indefiniteness because they each recite at least one means-plus-function claim element for which no corresponding structure is disclosed sufficiently in the '462 patent specification in accordance with 35 U.S.C. § 112(f).

39.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

40.     An actual and justiciable controversy exists between Aimetis and Hawk with respect to whether the '462 patent is invalid.  A judicial declaration is necessary and appropriate so that Aimetis may ascertain its rights regarding the '462 patent.

41.     Aimetis is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## <u>COUNT THREE – DECLARATORY JUDGMENT OF</u> <u>INTERVENING RIGHTS</u>

42.     Aimetis repeats and realleges paragraphs 1-41 as if fully set forth herein.

43.     As of June 12, 2012, when the '462 patent was reissued, Aimetis had invested years of effort to develop its video surveillance products, including nine (9) years in the development of video surveillance software.

44.     Each of the original claims of the '462 patent was amended during reissue.

45.     Each of the amended and new claims of the '462 patent is not substantially identical to the claims of the patent as originally issued.

46.     Hawk admitted the claims of the '462 patent are not substantially identical to the claims of the patent as originally issued when Hawk filed a malpractice suit against the attorneys that prosecuted the reissue that ultimately became the '462 patent.  (*See* Complaint, attached hereto as Exhibit 4.)

47.     In that malpractice complaint, Hawk stated that "the Firm needlessly and negligently altered the text of the '410 patent's independent claims in such a manner that they are no longer identical to the original claims" and that the claims were unnecessarily broadened. (*See id.* at ¶¶10-11.)

48.     Aimetis is entitled to absolute and equitable intervening rights pursuant to 35 U.S.C. § 252.

49.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

50.     An actual and justiciable controversy exists between Aimetis and Hawk with respect to whether Aimetis has absolute and/or equitable intervening rights.   A judicial declaration is necessary and appropriate so that Aimetis may ascertain its rights.

51.     Aimetis is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Aimetis Corp. respectfully requests the following relief:

(a)     A declaration that Aimetis has not and is not infringing, either directly, indirectly, or contributorily, any valid claim of the '462 patent, as requested by Count I of this action;

(b)     A declaration that the '462 patent is invalid, as requested by Count II of this action;

(c)     A declaration that Aimetis has intervening rights pursuant to 35 U.S.C. § 252 with respect to the '462 patent, as requested by Count III of this action;

(d)     An award of all damages, including special damages, provable at trial;

(e)     An order enjoining Hawk, its officers, directors, agents, counsel, servants, and employees, and all persons in active concert or participation with any of them, from charging infringement or instituting any action for infringement of the '462 patent against Aimetis and/or any of Aimetis' customers or downstream users of Aimetis' products;

(f)     An order declaring that Aimetis is the prevailing party and that this is an exceptional case under 35 U.S.C. § 285 and awarding Aimetis its costs, including attorneys' fees, in connection with this action; and

(g)     Such other relief as the Court may deem just and proper.

Dated:  February 20, 2015

/s/ Johanna Oliver Rousseaux
Johanna Oliver Rousseaux
jorousseaux@jonesday.com
Florida Bar No. 598321
JONES DAY
600 Brickell Avenue
Brickell World Plaza
Suite 3300
Miami, FL  33131
Tel.:  (305) 714-9700
Fax:  (305) 714-9799

OF COUNSEL:

Geoffrey Gavin
ggavin@jonesday.com
J. Jason Williams
jjwilliams@jonesday.com
JONES DAY
1420 Peachtree Street, NE, Suite 800
Atlanta, GA  30309-3053
Tel: (404) 521-3939
Fax: (404) 581-8330

ATTORNEYS FOR PLAINTIFF
AIMETIS CORP.